IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EVELYN GARCÍA MEJÍAS, *et al.*,

    Plaintiffs,

    v.

COMMONWEALTH OF PUERTO RICO, *et al.*,

    Defendants.

Civil No. 11-1247 (JAG)

## REPORT AND RECOMMENDATION

Having prevailed in their state-court action for *mandamus* relief, plaintiff Evelyn García Mejías ("plaintiff"), personally and on behalf of her minor son, P.J.,[1] seek a total of $16,137.75 in attorney's fees and costs from defendants Commonwealth of Puerto Rico and the Puerto Rico Department of Education ("DOE") (collectively, "defendants") pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*. (Docket No. 1). After plaintiffs filed their original fee motion, defendants opposed (Docket No. 8). Plaintiffs subsequently filed an unopposed motion seeking additional fees and expenses incurred since the filing of the original fee motion. (Docket No. 16). The matter was referred to me for a report and recommendation. (Docket No. 13). After close examination, I recommend that the court **grant in part** the original motion for attorney's fees and expenses and **grant** the supplemental motion.

### FACTUAL AND PROCEDURAL HISTORY

P.J., who was ten years old when this action was filed, is diagnosed with autism. (Docket No. 1, p. 2, ¶ 7). He lives with his parents in the Municipality of Toa Baja. (Id.). As a child with a disability, P.J. is protected by the IDEA and is qualified under federal and state law to participate in the academic program of the public education system administered by the DOE. (Id., p. 3, ¶ 10). Defendant DOE is the agency responsible for providing and administering the public education

---

[1] For privacy reasons, only the minor child's initials are used. See Local R. 5.2(a)(2).

Case 3:11-cv-01247-JAG-BJM Document 17 Filed 01/12/12 Page 2 of 8

**García-Mejías**, *et al*. v. **Commonwealth of Puerto Rico**, *et al.* Page 2
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

system in the Commonwealth of Puerto Rico.[2] (Docket No. 1, p. 3, ¶ 13). As a recipient of federal funding, the DOE is responsible for providing free and adequate education suited to the particular needs of students with disabilities. (Id., p. 4, ¶ 14). At the time of this action, P.J. attended Dr. Efraín Sánchez Hidalgo School, a public school owned and administered by the DOE. (Id., p. 2-3).

On August 6, 2010, plaintiff, acting on P.J.'s behalf, filed a *mandamus* petition with the Court of First Instance, case number KPE 2010-2964 (907), requesting the issuance of a writ of *mandamus* ordering the DOE to comply with an administrative final resolution and order issued on July 5, 2010. (Id., p. 4-5). Hearings were held on September 15 and October 21, 2010, and on December 8, 2010, the court issued a judgment ordering the DOE to provide the remedies sought. (Id., p. 5).

On August 5, 2010, plaintiffs filed administrative complaint number 2010-069-058 with the DOE requesting that P.J. be provided with an Individualized Educational Program ("IEP") for the 2010-2011 school year and for the designation of a special education teacher for the Autism Classroom of the Dr. Efraín Sánchez Hidalgo School. (Id). On September 28, 2010, an administrative hearing was held and on October 8, 2010, the plaintiff's request was granted; the DOE was ordered to assign a full-time special education teacher for the Autism Classroom of the Dr. Efraín Sánchez Hidalgo School. (Id., p. 5-6). The DOE's failure to comply with the court's order prompted plaintiffs to file another *mandamus* petition. (Id., p. 6). After this petition was filed, the DOE assigned a full-time special education teacher to P.J.'s classroom. (Id.). Plaintiff filed the present action on March 9, 2011. (Docket No. 1). Defendants do not contest plaintiff's prevailing-party status. (Docket No. 8).

## ANALYSIS

Here, the plaintiff seeks attorney's fees and costs, which she is entitled to, as a prevailing party in the state court case pursuant to the IDEA, as well as fees and costs incurred in the present

---

[2] Defendant Commonwealth is included as a co-defendant in the instant action due to the DOE's lack of capacity to sue and be sued. (Docket No. 1, p. 3, ¶ 12).

Case 3:11-cv-01247-JAG-BJM Document 17 Filed 01/12/12 Page 3 of 8

**García-Mejías**, *et al*. v. Commonwealth of Puerto Rico, *et al.*         Page 3
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

litigation. (Docket No. 1, p. 7, ¶ 25). Plaintiff's first motion seeks compensation for $13,837.50 in attorney's fees based on 102.5 hours of work at an hourly rate of $135 per hour, and $754.65 in litigation expenses, for a total of $14,592.15. (Docket No. 1-1). Plaintiff supports her original fee motion with information on the professional qualifications of her lawyer, Francisco J. Vizcarrondo-Torres ("Vizcarrondo"), and the invoice Vizcarrondo submitted to the plaintiff. (Docket No. 1, p. 8-13; Docket No. 1-1). The second motion, filed with a supporting invoice, covers the time period from March 9 through September 1, 2011 and requests $1539.00 in attorney's fees based on 11.4 hours of work, and $6.60 in expenses for a total of $1545.60. (Docket No. 16).

In their response to plaintiff's first fee motion, the defendants challenge several aspects of the plaintiff's calculations for attorney's fees. (Docket No. 8). Specifically, they argue that plaintiff: (1) included time spent in preparing for, attending, and reviewing notes from IEP and conciliation meetings in violation of 20 U.S.C. § 1415(i)(3)(D)(ii); (2) mis-calculated time spent in conducting legal research and drafting the *mandamus* petitions and the latest complaint; and (3) included miscellaneous additional charges without sufficient documentation or justification. (Id.). The defendants have not opposed the second fee motion.

The IDEA permits a district court, in its discretion, to award reasonable attorney's fees "to a prevailing party who is the parent of a child with a disability," subject to certain limitations. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The fees to be awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of sevices furnished. No bonus or multiplier may be used in calculating the fees awarded." 20 U.S.C. § 1415(i)(3)(C).

Among other restrictions, the court may not award attorney's fees "relating to any meeting of the IEP team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation" under the IDEA. 20 U.S.C. § 1415(i)(3)(D)(ii). A preliminary meeting (which precedes the impartial due process hearing required to be held after a complaint has been received) conducted pursuant to 20 U.S.C. § 1415(f)(1)(B)(i) is not "a meeting convened as a result of an administrative hearing or judicial action." 20 U.S.C. § 1415(i)(3)(D)(iii).

**García-Mejías,** *et al*. **v. Commonwealth of Puerto Rico,** *et al.*         Page 4
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

With certain exceptions, the court must reduce the fee award if, *inter alia*, it finds that the parent, or the parent's attorney, unreasonably protracted the final resolution of the controversy; the amount of otherwise-authorized fees "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; or "the time spent and legal services furnished were excessive considering the nature of the action or proceeding." 20 U.S.C. § 1415(i)(3)(F). "The prevailing party has the burden to submit evidence justifying requests for fees." Gonzalez v. Puerto Rico Dep't of Educ., 1 F.Supp.2d 111, 114 (D.P.R. 1998).

**I.**    **IEP and Conciliatory Meetings**

The defendants first argue that the plaintiff billed 6.5 hours of time spent preparing for, attending, and reviewing notes from IEP and conciliation meetings for a total of $877.50, violating 20 U.S.C. § 1415(i)(3)(D)(ii). (Docket No. 8, p. 2-5). This section of the statute states that attorney's fees "may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e) of this section." The IDEA further states that "a meeting conducted pursuant to subsection (f)(I)(B)(I) shall not be considered (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph." 20 U.S.C. § 1415(i)(3)(D)(iii).

In her original fee motion, the plaintiff submits eleven entries dated from August 9 through September 9, 2010 that are related to IEP or conciliation meetings equaling a total of five hours. (Docket No. 1, p. 2-5). The language of the IDEA clearly prohibits payment for time spent *in connection* with IEP or conciliation meetings, and not just for appearing at these meetings. This court has held that time spent in preparing for and attending special education IEP team meetings is not recoverable. See Hernandez-Rodriguez, *et al.* v. Commonwealth of Puerto Rico, *et al.*, 764 F. Supp. 2d 338, 345 (D. P.R. 2011); see also J.Y. v. Seattle School Dist. No. 1, No. C07-1226, 2007 U.S. Dist. LEXIS 84894 at *20 (W.D. Wash. Nov. 16, 2007) (a plaintiff may not be awarded fees associated or related to resolution sessions). I therefore recommend that the court **deny** plaintiff's request for compensation for five hours billed by Vizcarrondo and reduce the fee accordingly.

The defendants also contest plaintiff's entry on August 30, 2010 for 1.5 hours spent reviewing case file documents, proposed IEP, and P.J.'s medical records in preparation for a meeting with Evelyn Garcia. (Docket 8, p. 4). Plaintiff does not indicate that this was in preparation for an IEP or conciliatory meeting, so this time will not be considered as time spent in connection with an IEP or conciliatory meeting.

II.     **Legal Research**

Next, the defendants challenge the amount of time billed for conducting electronic legal research. (Docket 8, p. 5-9). The defendants complain that plaintiffs erroneously included time spent conducting legal research, an out-of-pocket expense that is not recoverable. (Docket 8, p. 5). In construing the IDEA's fee-shifting provision, "cases decided under kindred federal fee-shifting statutes, such as the Fees Act, 28 U.S.C. § 1988, furnish persuasive authority." New Hampshire v. Adams, 1659 F.3d 680 (1st Cir. 1998). Expenses for such items as attorney travel and computer research are not deemed "costs" within the meaning of the federal statute that provides for recovery of costs by a prevailing party. 28 U.S.C. § 1920 (2000). But such items may be recovered where appropriate as part of attorney's fees under the typical federal fee-shifting statute. Palmigiano v. Garrahy, 707 F.2d 636, 637 (1st Cir. 1983).

The case that the defendants cite to support their stance, Ramon v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) is inapposite for two reasons: (1) the Ramon court denied attorney's fees specifically for Westlaw charges, that is, the actual cost of using the legal database, not conducting legal research, and actually awarded $540.00 in attorney's fees for legal research; (2) the Ramon decision was based on state law and has no bearing on federal cases. Vizcarrondo billed the plaintiff for the time he spent conducting legal research at the same rate he charged for conducting other activities pertaining to his job as legal counsel. This is permissible under the IDEA. I therefore, recommend that the court **grant** the plaintiff's request for compensation for four hours of legal research.

III.    **Drafting *Mandamus* Requests and Plaintiff's Original Fee Motion**

Third, the defendants contest thirteen hours spent drafting the *mandamus* petitions and seven hours spent drafting the original fee motion, and claim these times are excessive. (Docket No. 8, p.

Case 3:11-cv-01247-JAG-BJM Document 17 Filed 01/12/12 Page 6 of 8

García-Mejías, *et al*. v. Commonwealth of Puerto Rico, *et al*.                                         Page 6
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

7-9). The ultimate touchstone for fee awards is reasonableness. 42 U.S.C. § 1988(b). "The measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." ACLU v. Barnes, 168 F.3d 423, 432 (11th Cir. 1999). The record shows that two of the thirteen hours the defendants are contesting were spent attending a meeting with Evelyn Garcia. (Docket No. 8, p. 7). Undoubtedly, Vizcarrondo also spent the time reviewing and editing his work; eleven hours is not an excessive amount of time to spend on two *mandamus* petitions. Similarly, I do not agree with the defendants that seven hours was too much time to spend drafting the original fee motion. The complaint was fourteen pages long, and the invoice tallying up Vizcarrondo's hours was seventeen pages long, which would equal a total of 31 pages; seven hours is not an excessive amount of time to spend drafting a 31-page document. Accordingly, I recommend that the court **grant** the plaintiff's request for compensation for a total of 20 hours for the *mandamus* petitions and the original fee complaint.

## IV.     Additional Charges

Finally, the defendants argue that the plaintiff should be denied compensation for additional charges because she has not provided sufficient information to substantiate these expenses. (Docket No. 8, p. 8-9). The defendants' assertion that the plaintiff must submit documentation of all costs and expenses in order to recover them is correct. See Grendel's Den, Inc.v. Larkin, 749 F.2d 945, 956-957 (1st Cir. 1984) (an entity requesting reimbursement must document its actual expenditures). However, "it is not necessary for plaintiffs to explain the purpose of every photocopy that is produced and every expenditure that is made in connection with the litigation. [I]t is enough for the plaintiff to identify the expenses by category, with a general description of the types of charges included in each category." San Juan Dupont Plaza Hotel Fire Litig. Pasquale Massaro v. Chesley, 111 F.3d 220, 231 (1st Cir. 1997). By providing an itemized listing of each expense and the corresponding amount, the plaintiff has met her burden. I therefore recommend that the court **grant** the requested compensation for additional charges.

**García-Mejías,** *et al*. **v. Commonwealth of Puerto Rico,** *et al*.  Page 7
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

## V. Second Fee Motion

The defendants did not challenge the plaintiff's supplementary request for fees and costs. (Docket No. 16). Plaintiff's second and third invoices reflect 11.4 hours of billed time by Vizcarrondo, encompassing review of docket filings, communications with the plaintiff, legal research, and preparing and submitting plaintiff's reply to defendants' opposition and the bill of costs, as well as additional expenses, for a total of $1545.60 (Id.). I find that the time spent was reasonable considering the nature of the present litigation, see 20 U.S.C. § 1415(i)(3)(F), and recommend that the court **grant** the requested compensation for time totaling 11.4 hours, as well as $6.60 in costs.

The defendants have not contested Vizcarrondo's rate of $135 per hour. The IDEA requires the court to employ an hourly rate "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," without bonuses or multipliers. 20 U.S.C. § 1415(i)(3)(C). The original fee motion states that Vizcarrondo is a solo practitioner with almost seven years of experience actively litigating civil cases in federal and state courts. (Docket No. 1, p. 8). Given the defendants' failure to oppose Vizcarrondo's hourly rate and the fact that this court has approved an hourly rate of $135 for Vizcarrondo in the past see Hernández-Rodriguez, *et al*. v. Commonwealth of Puerto Rico, *et al*., Civil Case No. 10-1645 (PG), Docket No. 29 (Jan. 21, 2011); López-Lamboy, *et al*. v. Commonwealth of Puerto Rico, *et al*., Civil Case No. 10-1316 (FAB/JA), Docket No. 15 (June 7, 2010), I recommend that the court approve Vizcarrondo's $135 hourly rate.

## V. Computation Fee Award

Using the adjustments and deductions outlined above, I recommend the following reasonable award of attorney's fees:

First fee motion: $(102.5-5) \times 135 + 754.65 = \$13{,}917.15$

Second fee motion: $(11.4 \times 135) + 6.60 = \$1545.60$

Total: $15,462.75

**García-Mejías,** *et al*. **v. Commonwealth of Puerto Rico,** *et al.* Page 8
Civil No. 11-1247 (JAG)
**REPORT AND RECOMMENDATION**

## CONCLUSION

As detailed above, I recommend that the court **grant in part** plaintiff's original motion for attorney's fees and litigation costs against defendants Commonwealth of Puerto Rico and Puerto Rico Department of Education (Docket No. 1), for a total of $13,917.15, and **grant** plaintiff's supplemental fee motion for a total of $1,545.60, for a total of $15,462.75.

This report and recommendation is filed pursuant to 28 U.S.C. 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 12th day of January, 2012.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge